The document below is hereby signed.

Signed: August 22, 2019



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ZAINAB MANSARAY AND MOHAMED TURAY, | ) ) ) | Case No. 19-00302 (Chapter 13) Not for publication in |
| Debtors. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO VACATE DISMISSAL

The debtors have filed a *Motion to Vacate Order* (Dkt. No. 41) wherein the debtors are seeking to have the *Order Dismissing Case* (Dkt. No. 40) vacated. That motion will be denied.

I

This case was initiated by the debtors' filing a voluntary petition under chapter 13 of the Bankruptcy Code on May 6, 2019. A meeting of creditors was scheduled for June 10, 2019. The debtors failed to provide the chapter 13 trustee with their tax returns, or a transcript of their tax returns, for the most recent tax year prior to the filing of the petition within seven days before the meeting of creditors.

The debtors did not file opening documents, including the debtors schedules A/B-J, copies of payment advices, statement of

financial affairs, statement of current monthly income, and chapter 13 plan, with the petition.  The court issued an *Order to File Required Documents* on May 7, 2019 (Dkt. No. 9) directing debtors to file required documents.  The debtors filed a motion to extend the deadline to June 10, 2019, which was granted.  The debtors filed their schedules, statement of financial affairs, statement of monthly income, and chapter 13 plan on June 7, 2019, but failed to include a supplemental mailing matrix or a statement of no alterations as required by LBR 1007-2.  The court issued an order directing the debtors to file the supplemental mailing matrix or statement of no alterations on June 10, 2019.  When the debtors failed to comply with that order, the debtors' schedules were stricken on June 25, 2019.  The debtors never filed amended schedules.

The debtors were required to file copies of all payment advices received within 60 days before the petition date of May 6, 2019, the 60th day beforehand being March 7, 2019.  On June 17, 2019, *after* the meeting of creditors of June 10, 2019, at which the debtors were to be examined, the debtors filed certain payment advices of the debtor Turay (which also attached certain payment advices of the debtor Mansaray).  The court notified the debtors on June 19, 2019, that Mansaray needed to file her payment advices separately.  As to Mansaray, the debtors filed certain payment advices on July 5, 2019.  Mansaray's payment

advices were for pay periods ending *after* the commencement of the case and thus were necessarily not payment advices received during the 60-day period of March 7, 2019, to May 5, 2019. Turay's payment advices included one for a payment made on May 2, 2019, for the two-week pay period ending April 29, 2019, and no other payment advices received during the 60-day period of March 7, 2019, to May 5, 2019.

The chapter 13 trustee filed a *Motion to Dismiss and Notice of an Opportunity for a Hearing*, seeking dismissal of the debtors' case pursuant to 11 U.S.C. § 521(e)(2)(A) for the debtors' failure to provide tax documents; pursuant to 11 U.S.C. § 521(a)(1)(B)(iv) for the debtors' failure to provide payment advices received in the 60 days preceding the filing of the case; and pursuant to 11 U.S.C. § 1307(c)(1) for unreasonable delay that was prejudicial to creditors.  The trustee's motion included a notice of opportunity to oppose the motion notifying the debtors that:

> *PLEASE TAKE NOTICE THAT WITHIN TWENTY ONE (21) DAYS AFTER THE DATE OF THIS NOTICE you must file and serve a written objection to the motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Ave., N.W., Washington, D.C. 20001, and served by mailing a copy to the Chapter 13 Trustee and all scheduled, secured creditors.
>
> *IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING.  The court may grant the motion without a hearing if the objection filed states inadequate grounds for denial.  Parties in

interest with questions may contact the Trustee. The debtors failed to file an opposition to the trustee's *Motion to Dismiss*, and the court granted the motion on August 15, 2019. The debtors filed their *Motion to Vacate Order* on August 16, 2019, wherein the debtors assert that they filed their payment advices, they provided tax documents, and they have been making plan payments.

II

The *Motion to Vacate Order* was filed within 14 days after entry of the court's order dismissing the case. Accordingly, the motion will be considered under Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023. Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.C. 2001).

The debtors have failed to meet their burden under Rule 59. The debtors have failed to show that there has been an intervening change in controlling law, the availability of new evidence, the need to correct a clear legal error, or the need to

4

prevent manifest injustice.  The debtors' assertion that they have filed their payment advices, have provided their tax documents to the trustee, and have been making plan payments, does not satisfy their burden under Rule 59.

The debtors assert that they provided the trustee with tax documents, but do not dispute that they failed to provide the tax documents within seven days prior to the meeting of creditors. Under § 521(e)(2)(A)(i), the debtors are required to provide tax documents "not later than 7 days before the date set for the first meeting of creditors."  Pursuant to § 521(e)(2)(B): "If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor."  The debtors have not shown that they were unable to provide their tax documents to the trustee within seven days of the meeting of creditors for "circumstances beyond [their] control."  Therefore, the court is required to dismiss the case pursuant to § 521(e)(2).

There are problems with the debtors' payment advices.  The payment advices were filed untimely.  The debtors were granted an extension of time to file required documents, including payment advices, to June 10, 2019.  However, the debtors did not file payment advices until June 17, 2019, and July 5, 2019.

5

Moreover, under § 521(a)(1)(B)(iv), the debtors were required to provide "payment advices received within 60 days before the date of the filing of the petition." The debtors filed this case on May 6, 2019, meaning that the debtors were required to provide payment advices received during the period of March 7, 2019, to May 5, 2019. For that 60-day period, Turay submitted no payment advice received in that 60-day period, and Mansaray submitted only one received in that 60-day period for a single two-week pay period. The trustee's motion to dismiss asserted that the payment advices were incomplete, and the debtors have not attempted to demonstrate that they submitted all payment advices received during the period of March 7, 2019, to May 5, 2019. Accordingly, the debtors have not shown that they complied with 11 U.S.C. § 521(a)(1)(B)(iv).

Moreover, the debtors have not explained why they failed to file a timely opposition to the trustee's *Motion to Dismiss*. The debtors were clearly warned that:

> *IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING. The court may grant the motion without a hearing if the objection filed states inadequate grounds for denial. Parties in interest with questions may contact the Trustee.

The debtors failed to file an opposition to the trustee's *Motion to Dismiss*, and have not provided any reason for their failure to do so.

Also, the debtors have still not filed their schedules in

6

proper form after schedules that were not in proper form were stricken.  Under § 521(i), the court is required to dismiss upon motion of any party in interest any case where the debtor has failed to file documents required to be filed pursuant to § 521(a), including the debtors' schedules and complete payment advices, within 45 days of the filing of the petition.  It has been more than 45 days since the petition was filed in this case, and it does not make any sense for the court to vacate the dismissal of a case subject to mandatory dismissal.

Finally, the debtors have not shown why vacating the dismissal of their case would not be prejudicial to creditors.  This case is not ready to proceed after nearly four months.  Vacating the order of dismissal would require giving the debtors time to get all their documents, and the case, in a posture in which it is ready to proceed.  This would result in further unreasonable delay that is prejudicial to creditors.[1]

### III

For all these reasons, it is

---

[1] The dismissal of the case will not bar the filing of a new case by the debtors, but if a new case is filed within one year after the dismissal of this case, 11 U.S.C. § 362(c)(3) will apply with the consequence that the automatic stay of 11 U.S.C. § 362(a) may expire if the debtors are unable to move timely to obtain an extension of the automatic stay (or if they are unable to demonstrate that they are entitled to such an extension of the automatic stay).  The debtors are encouraged to employ an attorney if they file a new case.

ORDERED that the debtors' *Motion to Vacate Order* (Dkt. No. 41) is DENIED.

[Signed and dated above.]

Copies to: Debtors (by hand-mailing); recipients of e-notifications of filings.